

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00430-CR

---

JUDITH GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7160, Honorable Dale A. Rabe, Presiding

---

April 4, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Judith Garcia, appeals from the trial court's judgment adjudicating her guilty of manufacture or delivery of a controlled substance[1] and sentencing her to forty-five years of confinement. The appellate record was originally due February 29, 2024. The clerk's record was filed by this deadline, but the reporter's record was not. By letter of March 8, 2024, we notified the reporter that the record was overdue and directed her

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

to advise this Court of the status of the record by March 18. The reporter has not filed the record or had any further communication with this Court to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by May 6, 2024.

Should the reporter file the record on or before April 18, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.